**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case Number: 25-CR-20416-MARTINEZ**

**UNITED STATES OF AMERICA**

**v.**

**RAFAEL ALBERTO VARGAS GONZALEZ, *et al.*,**

**Defendants.**

_____/

### PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION

THIS CAUSE came before the Court upon the *Government Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information* **[ECF No. 52]**. The United States of America, having applied to this Court for a protective order regulating the discovery to defense counsel in connection with the Government's discovery obligations, and the Court finding good cause therefore, it is HEREBY ORDERED:

1. The *Government Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information* **[ECF No. 52]** is **GRANTED**.

2. The United States is authorized to disclose the Discovery and sensitive information materials (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

3. Government personnel and counsel for Defendant shall not provide, or make available, the Discovery to any person except as specified in this Order or by approval from this Court. Therefore, defense counsel and the Government shall restrict access to the Discovery, and

1

shall only disclose the Discovery to the defendant, office staff, case agents/investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

4.      Counsel of record for each of the Defendants shall hold the discovery materials in strict confidence, disclosing the information marked "Confidential" to counsel's respective client, staff, investigators, and witnesses only to the extent counsel believes is necessary to assist in the defense of this matter. If defense counsel believes that any material marked "Confidential" should not be marked "Confidential," defense counsel may file a motion requesting that the "Confidential" marking be removed from any such material.

5.      Portions of the Discovery in this matter will be made available to defense counsel on external storage devices.   Defense counsel shall retain these external storage devices in strict confidence.   Defense counsel shall not duplicate or provide copies of these external storage devices, except as necessary as set forth paragraph 6.   To the extent that defense counsel makes any portion of these external storage devices available to the defendant for inspection, defense counsel shall: a) only do so under defense counsel's direct and immediate supervision; and b) retain sole possession of the external storage devices immediately thereafter.

6.      To the extent that defense counsel makes any portion of the Discovery available in paper format to anyone, including the defendant, outside of counsel=s office, defense counsel shall ensure that any and all sensitive victim and third-party information is redacted or removed and will not be susceptible to misuse or abuse.   Such redaction/removal shall include, but shall not be

2

limited to, the following: (a) birth dates, social security numbers, and/or taxpayer identification numbers; (b) personal residential addresses; (c) telephone numbers; (d) email addresses; and (e) all information identifying the account number(s) of any financial account, including bank, credit, trust, investment, and retirement account(s).

7.     Third parties contracted by the United States or defense counsel to provide expert analysis or testimony, and a designated Florida-licensed investigator (whose name and registration shall be disclosed to the government), working under the supervision of the attorney of record, may possess and inspect the Discovery for the purpose of physically visiting the defendant in custody to show and discuss the voluminous Discovery, but only as necessary to perform their duties or responsibilities in this matter.   At all times, third parties shall be subject to the terms of this Order.

8.     All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the defendant, that obtains access to the Discovery is provided a copy of this Order.   No other party that obtains access to or possession of the Discovery shall retain such access or possession, or further disseminate, the Discovery except as authorized by this Order.   Any other party that obtains access to, or possession of, the Discovery once the other party no longer requires access to or possession of the Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary.   For purposes of this Order, "other party" includes any person other than counsel for the United States, counsel for defendant, or the defendant.

9.     Counsel of record for each of the Defendants shall hold the discovery materials in strict confidence, disclosing the information marked "Confidential" to counsel's respective client,

3

staff, investigators, and witnesses only to the extent counsel believes is necessary to assist in the defense of this matter. If defense counsel believes that any material marked "Confidential" should not be marked "Confidential," defense counsel may file a motion requesting that the "Confidential" marking be removed from any such material.

10.     Upon entry of a final order of the Court in this matter and conclusion of any timely-filed direct appeal or collateral attack, counsel for defendant and government shall jointly confer and arrange for defense counsel to return all copies of the Discovery to the government. Government counsel and personnel may maintain copies of the Discovery in their closed files following their customary procedures.

11.     Government personnel and counsel for defendant shall promptly report to the Court any known violations of this Order.

**DONE AND ORDERED** at Chambers in Miami, Florida, this 24 day of October, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record