UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE. NO.   25-20416-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

OMAR ALEJANDRO FAVELA VALENZUELA,
     a/k/a "AX,",

          Defendant.
_____/

## FACTUAL PROFFER

If this matter were to proceed to trial, the Government would prove the following facts beyond a reasonable doubt.  The Parties agree that these facts, which do not include all facts known to the Government and the defendant Omar Alejandro Favela Valenzuela (hereinafter "the Defendant"), are sufficient to prove the guilt of the Defendant as to Count 7 of the Indictment.

Beginning in and around January 2019, and continuing through on or about November 15, 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the Defendant did knowingly and willfully combine, conspire, confederate, and agree with other persons to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956, that is: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), all in violation of 18 U.S.C. § 1956(h).

Page **1** of **3**

Law enforcement's investigation has consisted of witness and victim interviews, public records checks, law enforcement surveillance, search warrant and grand jury subpoena results, forensic cell phone analysis, reviews of various banking, financial, and business records and documents, and other investigative techniques. As set forth in the Indictment, law enforcement's investigation uncovered that co-defendant Rafael Alberto Vargas Gonzalez (hereinafter "co-defendant Rafael Vargas") operated sprawling multi-year, international crypto-Ponzi, money laundering, and unlicensed money transmitting schemes through, and for the benefit of, his purported crypto-based investment companies Empirex Capital LLC ("Empirex"), NKC Management LLC ("NKC Management"), and Cryptox Hub LLC ("Cryptox Hub"). Co-defendant Vargas' Ponzi scheme, which he operated at Empirex along with co-defendant Catherine Giovanna Rojas-Escobar ("co-defendant Rojas"), involved over 450 victims throughout the United States and Colombia, with losses totaling approximately $16 million. His accompanying money laundering and unlicensed money transmitting schemes involved approximately $81 million dollars and involved the laundering of drug trafficking proceeds with and for co-defendant Juan Carlos Minero Alonso ("co-defendant Minero") and members of the Clan Del Golfo in Colombia.

During the charged conspiracy, the Defendant, a Mexican citizen, served as a money courier. The Defendant reported directly to co-defendant Luis Fernando Gaxiola Loustauna ("co-defendant Gaxiola") via WhatsApp regarding picking up and depositing cash. Co-defendant Gaxiola cellular telephone listed the Defendant's contact information under the code name "AX."

From February 2022 through March 2022, the Defendant made 41 cash deposits – in Florida, Georgia, Illinois, Indiana, Louisiana, North Carolina, Ohio, Tennessee, and Texas - totaling approximately $2.5 million dollars. The Defendant deposited these funds into various shell company bank accounts, owned and controlled by co-defendant Vargas and other co-defendants and co-conspirators, located in the Southern District of Florida, including: Intellect

Page **2** of **3**

Management's Bank of America account (co-defendant Rojas); AKC Management's Wells Fargo and Bank of America accounts (co-defendant Paola Andrea Vargas Gonzalez); JH Brickell's JPMC account (co-defendant Eduardo Jose Valencia Mazuera); JXVM Consulting's JPMC account (co-defendant Juan Jose Valencia Vargas); Grajales LLC's JPMC account (co-conspirator Monica Grajales); and Zeus X1's Bank of America, JPMC, and Wells Fargo accounts (co-defendant Samuel Ignacio Reyes Bello).   Most all of these funds were subsequently provided, via various financial transactions, to co-defendant Rafael Vargas and then co-defendant Minero.

The individuals and co-defendants involved in the scheme, including the Defendant, knew that these financial transactions involved some form of unlawful activity and were designed to conceal the nature, location, source, ownership, and control of the funds.   In fact, as co-defendants Rafael Vargas, Minero, and Gaxiola also well knew, the funds would, and did, emanate from violations of 21 U.S.C. §§ 963, 952, 846, and 841.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 7/09/2026        By: _____ for
SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY

Date: 07/09/2026       By: _____
DIANNE ELIZABETH CARAMES
ATTORNEY FOR DEFENDANT

Date: 07/09/2026.       By: _____
~~CARLOS FELIPE PADILLA EZQUERRO~~ D.C.
DEFENDANT – OMAR ALEJANDRO FAVELA VALENZUELA