UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE. NO.   25-20416-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

EDUARDO JOSE VALENCIA MAZUERA,

　　　　Defendant.

_____/

## FACTUAL PROFFER

If this matter were to proceed to trial, the Government would prove the following facts beyond a reasonable doubt.  The Parties agree that these facts, which do not include all facts known to the Government and the defendant Eduardo Jose Valencia Mazuera (hereinafter "the Defendant"), are sufficient to prove the guilt of the Defendant as to Count 25 of the Indictment.

Beginning at least as early as in or around November 2021, and continuing through in or around April 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the Defendant did knowingly conduct, control, manage, supervise, or owned all or part of a money transmitting business—namely, JH Brickell Management ("JH Brickell")—in violation of 18 U.S.C. § 1960(a). The Defendant knew that JH Brickell was not licensed as a money transmitting business in the State of Florida. Utilizing JH Brickell's JPMorgan Chase ("JPMC") business bank account, the Defendant received and transmitted money, via wires and cashier's checks, on behalf of Empirex Capital LLC ("Empirex"), which affected interstate and foreign commerce.

Law enforcement's investigation has consisted of witness and victim interviews, public records checks, law enforcement surveillance, search warrant and grand jury subpoena results,

forensic cell phone analysis, reviews of various banking, financial, and business records and documents, and other investigative techniques.   As set forth in the Indictment, law enforcement's investigation uncovered that the Defendant's brother-in-law, co-defendant Rafael Alberto Vargas Gonzalez (hereinafter "co-defendant Rafael Vargas"), operated sprawling multi-year, international crypto-Ponzi, money laundering, and unlicensed money transmitting schemes through, and for the benefit of, his purported crypto-based investment companies Empirex Capital LLC ("Empirex"), NKC Management LLC ("NKC Management"), and Cryptox Hub LLC ("Cryptox Hub").   Co-defendant Vargas's Ponzi scheme, which he operated at Empirex along with co-defendant Catherine Giovanna Rojas-Escobar ("co-defendant Rojas"), involved over 450 victims throughout the United States and Colombia, with losses totaling approximately $16 million.   Co-defendant Vargas's accompanying money laundering and unlicensed money transmitting schemes involved approximately $81 million dollars.

During 2021, the Defendant's wife, co-defendant Paola Andrea Vargas Gonzalez, was approached by co-defendant Rafael Vargas in Miami, Florida.   Co-defendant Rafael Vargas offered the Defendant's wife, the Defendant, and the Defendant's son, co-defendant Juan Jose Valencia Vargas, the opportunity to serve as "payment companies" on behalf of Empirex and keep a percentage of all monetary transactions from purported crypto investors that would move through their bank account(s).   The Defendant accepted co-defendant Rafael Vargas's offer and began, with his wife, regularly visiting Empirex's office in Miami, Florida.

On November 23, 2021, at co-defendant Vargas's direction, the Defendant created the shell company JH Brickell in the State of Florida, with a listed address in Miami, Florida.   At co-defendant Vargas' direction, the Defendant also opened a JH Brickell bank account at JPMC Bank in the Southern District of Florida.

From December 2021 through April 2022, the Defendant received approximately $2.9 million dollars, via numerous cash deposits from various money couriers and co-defendants throughout the United States, into his JH Brickell account. During February 2021 through December 2021, the Defendant made 3 cash deposits - in South Florida - totaling approximately $94,600 dollars into his own JH Brickell JPMC account and Empirex's JPMC account. The Defendant promptly provided, via multiple financial transactions, most all of these funds to various Empirex and personal bank accounts owned and controlled by co-defendant Vargas. In return, co-defendant Vargas allowed the Defendant to keep approximately $23,000, which the Defendant utilized for his own personal use and benefit.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 7-14-26

By: _____
SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY

Date: 7-14-26

By: _____
ANA M. DAVIDE
ATTORNEY FOR DEFENDANT

Date: 7-14-26

By: _____
EDUARDO JOSE VALENCIA MAZUERA
DEFENDANT