**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE. NO. 25-20416-CR-MARTINEZ**

**UNITED STATES OF AMERICA**

**vs.**

**CARLOS FELIPE PADILLA EZQUERRO,**
**a/k/a "Irishman,"**

**Defendant.**
_______________________________________________/

# PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter "this Office") and Carlos Felipe Padilla Ezquerro (hereinafter "the Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 7 of the Indictment, which charges the Defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i). This Office agrees to seek dismissal of any remaining counts in the Indictment, as to this Defendant, after sentencing.

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office (U.S. Probation), which investigation will commence after the guilty plea

has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified above in paragraph 1 and that the Defendant may not withdraw his plea solely as a result of the sentence imposed.

3. The Defendant understands and acknowledges that the Court may impose a statutory maximum term of twenty (20) years of imprisonment, followed by a term of supervised release of up to three (3) years, and may impose a fine of up to $500,000 or double the unlawful proceeds. The Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release. In addition to a term of imprisonment and supervised release, the Defendant understands and acknowledges that the Court shall order restitution.

4. The Defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Plea Agreement, a special assessment in the amount of $100

will be imposed on the Defendant. See 18 U.S.C. § 3013. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

5. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding; however, the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

6. This Office reserves the right to inform the Court and U.S. Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the Defendant's offense(s), pursuant to Section 3E1.1(a) of the Sentencing Guidelines (U.S.S.G.), based upon the Defendant's

recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the Government will make a motion requesting an additional one (1) level decrease pursuant to U.S.S.G. § 3E1.1(b), stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. The United States further agrees to recommend that the Defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. The United States, however, will not be required to make these motions or recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to this Office and U.S. Probation of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the Government prior to entering into this Plea Agreement; or (c) commits any misconduct after entering into this Plea Agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the Defendant further agree that, although not binding on U.S. Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) <u>Base Offense Level</u>: That, pursuant to U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1)(J), the Defendant's base offense level is 26.

(b) <u>Specific Offense Characteristics</u>: That, pursuant to U.S.S.G. § 2S1.1(b)(2)(B), because the Defendant was convicted under 18 U.S.C. § 1956, the Defendant's

offense level increases by 2 levels to 28. The remaining offense characteristics listed in U.S.S.G. § 2S1.1(b) are inapplicable to this case.

(c) Zero-Point Offender: That, if the Defendant meets all of the criteria set forth in U.S.S.G. § 4C1.1, the Defendant's offense level should decrease by another two (2) levels.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or U.S. Probation, is a prediction, not a promise, and is not binding on this Office, U.S. Probation, or the Court. The Defendant further understands that any recommendation that this Office or the Defendant's attorney makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10. If the Defendant withdraws from this Plea Agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this Plea Agreement, then: (a) the United States will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this agreement; (b) the Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the

applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the Defendant agrees to waive any statute-of-limitations defense; and (c) any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the Defendant, and all such information, statements, and leads derived therefrom may be used against the Defendant. The Defendant waives any right to claim that statements made pursuant to this Plea Agreement before, on, or after the date of this agreement, including the statement of facts accompanying this Plea Agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution of federal law.

11. The Defendant agrees that he shall cooperate fully with this Office by, among other things: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.

12. This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make the Defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal

matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of U.S.S.G. § 5K1.1 and/or Title 18, United States Code, Section 3553(e) prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. The Defendant acknowledges, understands, and agrees, however, that nothing in this agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding insofar as the appropriateness of this Office's filing of any such motion is concerned. If this Office does not make a motion pursuant to U.S.S.G. § 5K1.1 at or before sentencing, the Defendant agrees, understands, and acknowledges that any cooperation he may provide, or have provided, prior to sentencing is not grounds for a downward variance or downward departure at sentencing. The Defendant understands and acknowledges that the Court is under no obligation to grant any motion(s) referred to in this paragraph should the government exercise its discretion to file any such motion. The Defendant also understands and acknowledges that the Court is under no obligation to reduce the Defendant's sentence because of the Defendant's cooperation.

13. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, involved in the violation of 18 U.S.C. § 1956(h), or any property traceable to such

property, pursuant to 18 U.S.C. § 982(a)(1). In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

14. The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15. The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

16. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 1291 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range. The Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291. However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, the Defendant shall be released from the above waiver of appellate rights. The Defendant further hereby waives all rights conferred by 28 U.S.C. § 1291 to assert any claim that: (a) the statute(s) to which the Defendant is pleading guilty is/are unconstitutional; and/or (b) the admitted conduct does not fall within the scope of the statute(s) of conviction. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this Plea Agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

17. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 8/11/26 By: ______________________
MICHAEL SARTOIAN
ASSISTANT UNITED STATES ATTORNEY

Date: 8-11-26 By: ______________________
RICARDO P. HERMIDA
ATTORNEY FOR DEFENDANT

Date: 8-11-26 By: ______________________
CARLOS FELIPE PADILLA EZQUERRO
DEFENDANT