UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE. NO. 25-20416-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

JAVIER ANDRES QUINTERO DE VEGA,

Defendant.
_______________________________________/

# FACTUAL PROFFER

If this matter were to proceed to trial, the Government would prove the following facts beyond a reasonable doubt. The Parties agree that these facts, which do not include all facts known to the Government and the defendant Javier Andres Quintero De Vega (hereinafter "the Defendant"), are sufficient to prove the guilt of the Defendant as to Count 30 of the Indictment.

Beginning at least as early as in or around May 2022, and continuing through in or around June 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the Defendant did knowingly conduct, control, manage, supervise, or owned all or part of a money transmitting business—namely, JQV Logistics LLC ("JQV Logistics") and Illuminat Consulting LLC ("Illuminat Consulting")—in violation of 18 U.S.C. § 1960(a). The Defendant knew that JQV Logistics and Illuminat Consulting were not licensed as a money transmitting business in the State of Florida. Utilizing JQV Logistics' Bank of America ("BoA") and Truist business bank accounts, as well as Illuminat Consulting's BoA, Wells Fargo, and Truist business bank accounts, the Defendant received and transmitted money, via wires and cashier's checks, on behalf of Empirex Capital LLC ("Empirex"), which affected interstate and foreign commerce.

Law enforcement's investigation has consisted of witness and victim interviews, public records checks, law enforcement surveillance, search warrant and grand jury subpoena results, forensic cell phone analysis, reviews of various banking, financial, and business records and documents, and other investigative techniques. As set forth in the Indictment, law enforcement's investigation uncovered that co-defendant Rafael Alberto Vargas Gonzalez (hereinafter "co-defendant Rafael Vargas") operated sprawling multi-year, international crypto-Ponzi, money laundering, and unlicensed money transmitting schemes through, and for the benefit of, his purported crypto-based investment companies Empirex Capital LLC ("Empirex"), NKC Management LLC ("NKC Management"), and Cryptox Hub LLC ("Cryptox Hub"). Co-defendant Vargas' Ponzi scheme, which he operated at Empirex along with co-defendant Catherine Giovanna Rojas-Escobar, involved over 450 victims throughout the United States and Colombia, with losses totaling approximately $16 million. His accompanying money laundering and unlicensed money transmitting schemes involved approximately $81 million dollars.

During 2021, the Defendant was approached by co-defendant Rafael Vargas in Miami, Florida. Co-defendant Rafael Vargas offered the Defendant the opportunity to serve as a "payment company" on behalf of Empirex and keep a percentage of all monetary transactions that would move through the Defendant's bank account(s). The Defendant accepted co-defendant Rafael Vargas's offer.

On April 5, 2021, at co-defendant Rafael Vargas's direction, the Defendant created the shell company Illuminat Consulting in the State of Florida, with a listed address in Miami, Florida. On April 7, 2022, the Defendant also created the shell company JQV Logistics in the State of Florida, with a listed address in Miami, Florida. At co-defendant Rafael Vargas' direction, the Defendant opened Illuminat Consulting bank accounts at Bank of America ("BoA"), Wells Fargo,

and Truist and JQV Logistics bank accounts at BoA and Truist, all in the Southern District of Florida.

From November 2021 through June 2022, the Defendant received approximately $2.5 million dollars, via numerous cash deposits from various money couriers and co-defendants throughout the United States, into his Illuminat Consulting and JQV Logistics accounts at BoA, Wells Fargo, and Truist. During April 2021 through June 2022, the Defendant also made 7 cash deposits - in South Florida - totaling approximately $350,00 dollars into his Illuminat Consulting BoA account and Empirex's JPMC and Wells Fargo accounts. The Defendant promptly provided, via multiple financial transactions, most all of these funds to various Empirex, NKC Management, and personal bank accounts owned and controlled by co-defendant Vargas.

In return, co-defendant Vargas allowed the Defendant to keep approximately $320,554.40 which the Defendant utilized for his own personal use and benefit.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 8/26/26 By: ____________________
MICHAEL SARTOIAN
ASSISTANT UNITED STATES ATTORNEY

Date: 8/26/24 By: ____________________
FAIRUZE MOHAMED SOFIA
ATTORNEY FOR DEFENDANT

Date: 8/26/26 By: ____________________
JAVIER ANDRES QUINTERO DE VEGA
DEFENDANT