**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:25-CR-20416-JEM

UNITED STATES OF AMERICA,

Plaintiff,

v.

PAOLA ANDREA VARGAS GONZALEZ

Defendant.

**DEFENDANT PAOLA ANDREA VARGAS GONZALEZ'S AMENDED OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT[1]**

COMES NOW, by and through undersigned counsel, on behalf of the Defendant, PAOLA ANDREA VARGAS GONZALEZ, and respectfully submits her Amended Objections to the Presentence Investigation Report ("PSI") disclosed on August 28, 2026, and in support states as follows:

1. Mrs. Vargas Gonzalez objects to paragraphs 140 and 155 in that it recommends that no mitigating adjustment is applicable for the role she specifically played in the offense. Based on the defendant's role in the offense, §3B1.2 provides for a decrease in the offense level as follows:

[1] Amended to correct typographical errors concerning paragraph numbers, and spelling errors, and to correct the term Special Government Interest Parole to Significant Public Benefit Parole.

> (a) if the defendant was a minimal participant in any criminal activity, decrease by 4 levels;
> (b) if the defendant was a minor participant in any criminal activity, decrease by 2 levels.
> In cases falling between (a) and (b), decrease by 3 levels. U.S.S.G. §3B1.2 (Nov. 2025).

Pursuant to §3B1.2, in determining whether to apply subsection (a) or (b), or an intermediate adjustment, the application notes to the guideline direct the Court to consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity. U.S.S.G. §3B1.2, Application Note 3(C) (Nov. 2025).

Subsection (a) applies to a defendant described in Application Note 4, who plays a minimal role in the criminal activity. U.S.S.G. §3B1.2, Application Note 4 (Nov. 2025). It is intended to cover defendants who are plainly among the least

culpable of those involved in the conduct of a group. *Id*. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. *Id*. Subsection (b) applies to a defendant, described in Application Note 5, who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal. U.S.S.G. §3B1.2, Application Note 5 (Nov. 2025).

The aforementioned factors weigh heavily in favor of Mrs. Vargas Gonzalez receiving a minimal role.

The parties agree, and the plea agreement provides the following pertinent parts:

> During 2021, Mrs. Vargas Gonzalez was approved by her brother and co-defendant, R. Vargas Gonzalez in Miami. R. Vargas Gonzalez asked Mrs. Vargas Gonzalez to serve as a "payment company" on behalf of Empire and keep a percentage of all monetary transactions from purported crypto investors that would move through Mrs. Vargas Gonzalez's bank accounts. Mrs. Vargas Gonzalez accepted R. Vargas Gonzalez's offer and began regularly visiting Empirex's office in Miami. Thereafter, R. Vargas Gonzalez recruited Mrs. Vargas Gonzalez's husband, co-defendant Valencia Mazuera, and her son, co-defendant Valencia Vargas, to do the same.
>
> <u>Role in the Offense</u>: The defendant should receive a mitigating role decrease, pursuant to §3B1.2, the extent of which will be litigated by the parties at sentencing.

2. Mrs. Vargas Gonzalez also objects to paragraph 161 of the PSI. The total offense should be level 17 and not 21. Paragraph 205 should yield a guideline range of 24 to 30 months' imprisonment.

**POINTS OF CLARIFICAITON**

3. In paragraph 124, Mrs. Vargas Gonzales assisted her brother, who claimed at the time to be an Immigration and Customs Enforcement ("ICE") agent, to purchase office furniture. Further, her payment was to be .5 percent of the deposits. Additionally, paragraph 124 contains a typographical error in that the city of Cali is misspelled as Calle.

4. In paragraph 140, the actual amount that Mrs. Vargas Gonzalez received for her expenses was $48,000, and the use of the leased car. The remainder of the funds were utilized by her brother, co-defendant R. Vargas Gonzalez. In paragraph 191, the $515,000 mentioned as earned by Mrs. Vargas Gonzalez actually went to support her brother's lifestyle.

5. In paragraph 175 and 176, it should be noted that Mrs. Vargas Gonzalez and her family entered the United States with a Significant Public Benefit Parole obtained by her brother. The Mazda motor vehicle mentioned in paragraph 197, was in her husband's name.

## CONCLUSION

WHEREFORE, the Defendant, PAOLA ANDREA VARGAS GONZALEZ by and through her undersigned counsel request that the Court sustain the above objections and consider the points of clarification.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903
9100 S. Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 373-6400
E-Mail: Bert@hdominguezlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on September 23, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to all counsel of record.

Respectfully submitted,

HUMBERTO R. DOMINGUEZ, P.A.

By: /s/ Humberto R. Dominguez
Humberto R. Dominguez
Florida Bar No.: 837903
9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
Telephone: (305) 373-6400
E-Mail: Bert@hdominguezlaw.com